IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

```
DORIS W. MAY,                  }
                               }
     Plaintiff,                }
                               }    CIVIL ACTION NO.
v.                             }    11-AR-1923-S
                               }
AT&T CORPORATION, et al.,      }
                               }
     Defendants.               }
```

**MEMORANDUM OPINION**

The report and recommendation submitted by the magistrate judge in the above-entitled case on March 8, 2013, is comprehensive and more than adequately recites the pertinent facts and procedural circumstances for deciding whether the magistrate judge reached the legal conclusions this court hereinafter finds to have been correct. The only important fact absent from the report and recommendation is the one inserted by plaintiff, Doris W. May ("May"), in her objections to the report and recommendation, namely, that after the matter was under submission, the Social Security Administration found May to be totally disabled as of May 16, 2010. This fact, which is not in the "administrative record" for the purposes of considering May's ERISA claim, is the subject of defendants' motion to strike.

During her vain *pro se* attempts to prove her entitlement to ERISA disability benefits, May was no match for defendants, AT&T Corporation, AT&T Integrated Disability, and Sedgwick Claims Management Services, Inc., and their experienced counsel. Because

the magistrate judge dealt separately with the ERISA claim, this court will do likewise.

In addition to invoking ERISA, May attempted to pursue claims under the Family and Medical Leave Act ("FMLA"), the Rehabilitation Act ("RA"), and the Americans with Disabilities Act ("ADA"). Given warning after warning that she was suing the wrong entity under these statutes, she never amended her complaint to seek relief from her employer. It is undisputed that her only employer was AT&T Services, Inc. If she expected the magistrate judge to overlook the fact that she continuously failed to sue the only entity against which she could pursue such claims, she has been disappointed. The magistrate judge is correct in recommending a dismissal of the action insofar as it relies on FMLA, RA, and/or ADA. The magistrate judge correctly, if redundantly, points out that these three claims are also barred by the statutes of limitations applicable to them.

The insurmountable obstacles in the way of May's claims under FMLA, RA, and ADA, may explain May's failure to interpose any objections to the recommendation that defendants' motion for summary judgment against May as to these statutory claims be granted.

May's objections to the report and recommendation not meeting the requisite standards of specificity with respect to her FMLA, RA, and ADA claims, they are DEEMED abandoned. See Rule 72(b)(2)

and (3), F.R.Civ.P. Accordingly, they will not be given *de novo* consideration by this court. On their face they are lacking in colorable merit for the reasons articulated by the magistrate judge.

Because the magistrate judge's renditions of the facts and his conclusions of law are correct with respect to May's FMLA, RA, and ADA claims, his opinion is hereby ADOPTED as the opinion of the court on these issues.

A separate order effectuating this opinion will be entered.

DONE this 3rd day of July, 2013.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE